**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DOUG OPPENHEIMER,

       Plaintiff,

  v.

CITY OF MADEIRA, OHIO,

       Defendant.

Case No. 1:19-cv-770

Barrett, J.
Bowman, M.J.

**ORDER AND**
**REPORT AND RECOMMENDATION**

Plaintiff Doug Oppenheimer, through counsel, initiated this lawsuit on September 12, 2019 against the City of Madeira, Ohio ("the City"). Plaintiff's complaint alleges that he resides within the City, and recently sought to display two political yard signs at his residence. However, Plaintiff was advised by the City that unless he immediately removed his yard signs, Plaintiff would be cited and prosecuted for violating City zoning regulations. Plaintiff filed suit seeking declaratory and injunctive relief that would allow him to display his yard signs, and monetary damages based upon the City's alleged violations of Plaintiff's constitutional rights. (*See* Doc. 1, Complaint). Pursuant to an order of the presiding district judge, the case has been referred to the undersigned magistrate judge. (Doc. 2).

On September 18, 2019, Plaintiff filed a motion seeking entry of a temporary restraining order ("TRO") and preliminary injunction to immediately enjoin the city from enforcing Chapter 159 of the Codified Ordinances of the City of Madeira, which regulates

the size and number of yard signs. (Doc. 5). The undersigned convened a telephonic conference early on September 20, 2013, at which time the Court set a hearing on the Plaintiff's motion for 2:00 p.m. on September 23.

Hours before the scheduled hearing, recognizing the merits of Plaintiff's motion, the City filed a motion for a continuance. (Doc. 6). The City explained that it hoped to repeal the portions of Chapter 159 that the Plaintiff seeks to enjoin through "an emergency ordinance" to be voted upon during a session of City Council scheduled for September 23, 2019 at 7:30 p.m., just a few hours after the hearing. (*See id.* at 4, and Exh. B). The City further represented that the City Manager had issued a moratorium on the enforcement of the controverted sign ordinances, in the form of a written communication dated September 23, 2019 to the Madeira Police Chief asking that official to "please refrain from enforcing any requirements contained in those specific Sections of Chapter 159, and instruct your officers likewise." (Doc. 6-1).

The scheduled hearing proceeded with oral argument presented by both parties. At the conclusion of the hearing, the undersigned explained that, in the absence of the consent of the parties under 28 U.S.C. § 636(c), the undersigned would issue a Report and Recommendation ("R&R") on Plaintiff's pending motion. Even if the undersigned recommended granting the requested TRO, the parties generally would be provided with 14 days in which to file objections and/or responses to the opposing party's objections prior to a definitive ruling from this Court, unless the Court ordered a shorter objection period. Concluding that judicial economy and the interests of the public would be served by a brief delay in the filing of this R&R, the Court stated that the R&R would not be filed

prior to 2 p.m. on September 24, 2019, to allow more definitive notification from the City concerning the repeal of the subject sign ordinance(s). (Doc. 7, Minute Entry).

As anticipated, the City formally repealed the contested portions of its sign ordinances. (Doc. 8). Therefore, Plaintiff's motion for a TRO and for preliminary injunctive relief is now moot. Because Plaintiff also seeks monetary damages in his lawsuit, the case will proceed on that claim.

Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's motion for a TRO and for preliminary injunctive relief (Doc. 5) be **DENIED AS MOOT**. **IT IS FURTHER ORDERED** that Defendant's motion for a continuance of the hearing (Doc. 6) be **DENIED AS MOOT**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DOUG OPPENHEIMER,

      Plaintiff,

      v.

CITY OF MADEIRA, OHIO,

      Defendant.

Case No. 1:19-cv-770

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).