# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DOUG OPPENHEIMER,
a/k/a Phillip Douglas Oppenheimer,　　　　　　　　　Case No. 1:19-cv-770

　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　　　　　　　　Cole, J.
　　　　v.　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.

CITY OF MADEIRA, OHIO, et al.,

　　　Defendants.


## MEMORANDUM OPINON AND ORDER

The above-captioned case has been referred to the undersigned magistrate judge. By separate Report and Recommendation filed herewith, the undersigned has recommended the denial of three pending motions to dismiss. This Order addresses two non-dispositive matters: (1) Plaintiff's application for entry of default; and (2) the City's motion to strike that application.

Plaintiff filed his amended complaint on December 23, 2019 and it was served upon the City on the same day.[1] Pursuant to Rule 15(a)(3) of the Federal Rules of Civil Procedure, the City had 14 days to file its answer or response. Plaintiff correctly calculated the deadline for the City's response to be January 6, 2020. When the City failed to timely plead or otherwise defend against the amended complaint as required, Plaintiff wasted no time in filing an application seeking the entry of default under Rule

---

[1] The record reflects that summons was issued to the additional new individual Defendants on December 30, 2019, and that service was made by the Clerk via certified mail on January 7, 2020. Plaintiff's application avers that the Defendant City alone timely failed to respond to the amended complaint.

55(a) on January 7, 2020. (Doc. 21). Near midnight on the same date, the City responded by filing a motion to dismiss the amended complaint. (Doc. 23). The following day on January 8, 2020, the City moved to strike Plaintiff's application for default.

In its motion to strike Plaintiff's application for entry of default, the City argues vigorously that Plaintiff has miscalculated the response time, and that the City's motion to dismiss the amended complaint was timely filed. Unfortunately for the City, it is defense counsel who has miscalculated the relevant deadline. In addition, as the Plaintiff points out, Rule 12(f) technically pertains only to striking a "pleading" and would not authorize striking an application for default. For those reasons, the City's motion to strike cannot be granted.

However, all is not lost for the City. Rule 15(a)(3) states: "<u>Unless the court orders otherwise</u>, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." *Id.* (emphasis added). Although the motion to strike is procedurally inappropriate, the interests of justice require that the motion be construed as a motion to extend time to allow the City's responsive motion to be considered timely filed.[2]

Returning to the Plaintiff's application for default, Plaintiff is correct in noting that Rule 55(a) states that the Clerk "must" enter the default if the motion shows that a party was properly served and failed to timely appear. However, because the undersigned will

---

[2] In the alternative, the undersigned could construe the motion to strike as a motion seeking to set aside the entry of default, if such entry were to be made under Rule 55(a). Rule 55(c) permits a court to set aside an entry of default for any "just cause." Counsel's inadvertent miscalculation of the response date constitutes just cause to set aside an entry of default in this case. The end result of this procedural alternative is the same. Because the Clerk of Court otherwise would be forced to enter the default and set it aside in the same Order, the interests of justice favor the construction of the City's motion as a motion to extend time to plead.

construe the City's motion to strike as a motion to extend time for the City to respond to the amended complaint, and hereby grants said motion, the City is not in default. Therefore, Plaintiff's application for default will be denied.

Accordingly, **IT IS ORDERED THAT** the Defendant City's motion to strike (Doc. 24) is hereby construed as a motion to extend its time to respond to the amended complaint through January 7, 2020. As so construed, the City's motion to extend time (Doc. 24) is **GRANTED**. Because the Court deems the motion to dismiss the amended complaint to have been timely filed, Plaintiff's application for the entry of default (Doc. 21) is **DENIED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge