UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DOUG OPPENHEIMER,
a/k/a Phillip Douglas Oppenheimer,

Plaintiff,

v.

CITY OF MADEIRA, OHIO, et al.,

Defendants.

Case No. 1:19-cv-770

Cole, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Doug Oppenheimer, through counsel, initiated this lawsuit on September 12, 2019 against the City of Madeira, Ohio ("the City"). On December 23, 2019, Plaintiff filed an amended complaint. This case has been referred to the undersigned magistrate judge. (Doc. 2).

Currently pending are three dispositive motions, as well as Plaintiff's application for entry of default against the City as to his amended complaint and the City's motion to strike that application. For the reasons that follow, the undersigned recommends the denial of the three pending motions to dismiss (Docs. 13, 23, 28). By separate Order, the undersigned also has denied the two non-dispositive motions (Docs. 21, 24).

**I.     Background**

In his original complaint, Plaintiff alleges that he resides within the City, and sought to display two political yard signs at his residence. The complaint further alleges that Plaintiff was advised by the City that unless he immediately removed his yard signs, Plaintiff would be cited and prosecuted for violating City zoning regulations. Plaintiff filed suit seeking declaratory and injunctive relief that would allow him to display his yard signs,

and monetary damages based upon the City's alleged violations of Plaintiff's constitutional rights. (*See* Doc. 1, Complaint).

In addition to filing suit, Plaintiff sought a temporary restraining order and preliminary injunctive relief. The undersigned convened a hearing for September 23, 2019, but deferred ruling based upon the City's representation that a repeal of the offending ordinance was imminent. On September 24, 2019, the undersigned filed a Report and Recommendation ("R&R") that recommended denying the TRO and preliminary injunctive relief as moot based upon proof that the City had formally repealed the contested portions of its sign ordinances hours after the Court's hearing. Neither party filed objections to the R&R, which was adopted for the opinion of the Court on October 9, 2019. (Doc. 10).

On December 2, 2019, the City filed a motion to dismiss the original complaint. After Plaintiff filed an amended complaint that revised his claims and added David Schaeffer and two John Does as additional Defendants, the City filed a new motion to dismiss the amended complaint. On March 31, 2020, Defendant Schaeffer filed a similar motion to dismiss.

## II. Pending Dispositive Motions

### A. The City's First Motion to Dismiss (Doc. 13)

On December 2, 2019, the City filed a motion to dismiss this lawsuit "for lack of standing," arguing that Plaintiff ceased to have standing after the City repealed the offending ordinance. (Doc. 13). However, the City's motion to dismiss itself has been rendered moot by the filing of Plaintiff's amended complaint on December 23, 2019. (Doc. 15). Therefore, the City's motion should be denied as moot.

### B. Defendants' Motions to Dismiss the Amended Complaint (Docs. 23, 28)

In lieu of an answer, the City of Madeira filed a motion to dismiss the amended complaint for lack of federal jurisdiction. (Doc. 23). On January 31, 2020, Defendant Schaeffer filed a nearly identical motion. (Doc. 28). Defendants argue that there is no "justiciable controversy" because Plaintiff Oppenheimer lacks standing to pursue any remaining claim for nominal damages. More specifically and/or alternatively, Defendants maintain that because the offending ordinance was repealed after suit was filed and this Court denied Plaintiff's motion for a temporary restraining order and preliminary injunctive relief, the entire lawsuit is now moot. In support, Defendants heavily rely upon *Morrison v. Board of Ed. of Boyd County*, 521 F.3d 602 (6th Cir. 2008).

As Plaintiff is quick to point out, Defendants combine the issue of standing with the issue of mootness. Although related, the two doctrines are distinct. "Mootness has been described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Gottfried v. Medical Planning Services, Inc.*, 280 F.3d 684, 691 (6th Cir., 2002) (additional internal quotation marks and citations omitted).

Unlike mootness, standing is determined at the outset of the lawsuit. In *Morrison*, a high school student lacked standing when he sought a remedy for a "subjective chill" of his speech *prior to* any actual enforcement of the School Board's allegedly unconstitutional policy. The Board repealed the policy after suit was filed. By the time the case reached the Sixth Circuit, only the pre-enforcement claim remained at issue. Examining that claim to determine standing, the Sixth Circuit held that the trial court lacked jurisdiction because the student had filed suit prior to suffering any type of

3

"concrete injury" to his First Amendment rights. *Morrison*, 521 F.3d at 610 ("Morrison's allegations fall squarely within the ambit of 'subjective chill' that the Supreme Court definitively rejected for standing purposes…. [T]hose allegations of chill, without more, fail to substantiate an injury-in-fact for standing purposes").

The court explained further that the student's mere fear of enforcement of the policy was insufficient to establish standing at the outset of the lawsuit:

> [S]ubjective chill requires some specific action on the part of the defendant in order for the litigant to demonstrate an injury-in-fact. In order to have standing, therefore, a litigant alleging chill must still establish that a concrete harm—i.e., enforcement of a challenged statute—occurred or is imminent. *See Am. Library Ass'n v. Barr,* 956 F.2d 1178, 1193 (D.C.Cir.1992) ("[W]hether plaintiffs have standing ... depends on how likely it is that the government will attempt to use these provisions against them ... and not on how much the prospect of enforcement worries them.").

*Id.*, 521 F.3d at 610.

*Morrison* is easily distinguished. Unlike the plaintiff in that case, Plaintiff Oppenheimer had standing at the outset of this lawsuit because he filed suit only after being forced to take his political signs down by the City. Because he suffered a concrete harm prior to filing suit, his standing is firmly established and is unaltered by the City's subsequent actions.

Turning next to the issue of mootness, it is true that this Court ruled that Plaintiff's initial motion for a temporary restraining order and for preliminary injunctive relief was rendered moot by the City's repeal of the offending Ordinance. The Defendants seek to extend that reasoning by arguing that the entire case is moot. However, the prior R&R stated:

> As anticipated, the City formally repealed the contested portions of its sign ordinances. (Doc. 8). Therefore, Plaintiff's motion for a TRO and for preliminary injunctive relief is now moot. *Because Plaintiff also seeks*

4

*monetary damages in his lawsuit, the case will proceed on that claim.*

(Doc. 9 at PageID 82) (emphasis added).

Contrary to Defendants' argument and consistent with the prior R&R, Plaintiff argues that his nominal monetary damages claim is not rendered moot by the City's repeal of the offending ordinance. I agree. The amended complaint alleges that Plaintiff took down his yard signs on September 9, 2019 but the repeal of the Sign Ordinance did not take place until September 23, 2019. Thus, Plaintiff seeks nominal damages for the actual harm that occurred over the two-week period when he was prohibited from displaying his signs by the Sign Ordinance then in effect.

The Sixth Circuit consistently has held that a plaintiff may seek monetary damages as compensation for a past violation of a constitutional right, even if a claim for injunctive relief has been rendered moot by subsequent events. *Morrison* is not to the contrary. *See id.*, 521 F.3d at 611 ("While we may have allowed a nominal damages claim to go forward in an otherwise-moot case…, we are not required to relax the basic standing requirement that the relief sought must redress an actual injury") (internal citations omitted).

In *Ermold v. Davis*, 855 F.3d 715 (6th Cir. 2017), the Sixth Circuit summarized this well-established principle:

> Claims for damages are largely able to avoid mootness challenges. 13C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3553.3 (3d ed. 2017). Damages claims "are retrospective in nature—they compensate for past harm. By definition, then, such claims cannot be moot." *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 622 (3d Cir. 2013) (internal quotation marks omitted). The Supreme Court has held that a damages claim is not rendered moot because a related injunctive-relief claim becomes moot. *See Powell v. McCormack*, 395 U.S. 486, 498, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969) (holding that a claim for back pay survived even after the ongoing harm an injunction sought to

remedy was removed); *Bd. of Pardons v. Allen*, 482 U.S. 369, 370 n.1, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987) (concluding that paroled prisoners seeking injunctive relief regarding their prison's parole procedures could proceed on a damages claim even after they were released on parole); *City of Richmond v. J.A. Croson Co.*, 488 U.S. 469, 478 n.1, 109 S.Ct. 706, 102 L.Ed.2d 854 (1989) (noting that the expiration of Richmond's affirmative-action ordinance did not moot a damages claim relating to a contract denial under the ordinance). We have similarly held that although "the repeal or amendment of a law moots challenges to the original law ... [t]he existence of [a] damages claim preserves the plaintiffs' backward-looking right to challenge the original law and to preserve a live case or controversy over that dispute." *Midwest Media Prop., L.L.C. v. Symmes Twp.*, 503 F.3d 456, 460–61 (6th Cir. 2007). *See also Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 581 (6th Cir. 2012) ("However, if the plaintiff's complaint includes a claim for damages, that claim 'preserves the plaintiff['s] backward-looking right to challenge the original law and to preserve a live case or controversy over that dispute.' ") (quoting *Midwest Media*, 503 F.3d at 461); *Prime Media, Inc. v. City of Brentwood*, 398 F.3d 814, 824 (6th Cir. 2005) (holding that a court's order invalidating part of a city billboard ordinance did not moot a claim for damages arising from that invalidated portion of the ordinance).

*Id.*, 855 F.3d at 719.

The fact that Plaintiff seeks only nominal damages does not change the equation. "Even 'a claim for nominal damages ... is normally sufficient to establish standing [and] defeat mootness....'" *Id.*, quoting *Lynch v. Leis*, 382 F.3d 642, 646 n.2 (6th Cir. 2004); s*ee also Miller v. City of Cincinnati*, 622 F.3d 524, 533 (6th Cir. 2010), *aff'g Miller v. City of Cincinnati*, 709 F.Supp.2d 605, 618 (S.D. Ohio 2008) ("[B]ecause nominal damages are a symbolic remedy for past wrongs, a prayer for nominal damages precludes a finding of mootness, even when the defendant has altered or abandoned the allegedly unconstitutional policy forming the basis for the plaintiff's complaint") (additional citations omitted); *Gottfried v. Medical Planning Servs.*, 280 F.3d 684, 691 (6th Cir. 2002)("[W]here a claim for injunctive relief is moot, relief in the form of damages for a past constitutional violation is not affected… [N]ominal damages are also available in actions claiming a

6

violation of constitutionally protected rights") (internal citations omitted).

In addition to persuasively arguing that his claim for monetary damages is not moot, Plaintiff argues that even his claims for permanent injunctive and declaratory relief are not moot. Thus, in his amended complaint, Plaintiff continues to seek relief that includes a "permanent injunction enjoining the CITY OF MADEIRA from enforcing the unconstitutional provisions of its Sign Regulations or any future sign regulation unconstitutional on their face against [Plaintiff]." (Doc. 15 at ¶87). Plaintiff maintains that, notwithstanding the City's repeal of the offending ordinance, the language of the new ordinance is "replete with equivocation." (Doc. 27, Response in Opposition at PageID 211). Plaintiff complains that the City

> continues to publish on its website the Sign Regulations with no indication or mention of Ordinance No. 19-04, i.e., the ordinance repealing the Sign Regulations. Amended Complaint ¶68…. Thus, the CITY OF MADEIRA continues to present and communicate to the general public that the Sign Regulations are still part of the Zoning Code.
>
> Additionally, the content of Ordinance No. 19-04 does not indicate a clear repudiation of the Sign Regulations or any recognition that the Sign Regulations violated the First Amendment. In enacting the Ordinance, the Madeira City Council simply declared case law "may impact" the constitutionality of the Sign Regulations and that there was "uncertainty surrounding the enforceability" of the Sign Regulations. Amended Complaint ¶66.

(*Id.* at PageID 210). Last, Plaintiff alleges that the City represents in its repeal of the prior Ordinance only that it intends "to study, deliberate, and determine" how it is going to proceed in the future with sign regulations, which he asserts leaves open the possibility of the re-enactment of similar unconstitutional regulations. (Doc. 15 at ¶67).

Plaintiff cites two cases that purport to support his position that, so long as the City has failed to offer clear "assurances" that its repeal of the offending statute is permanent,

7

the City has failed to carry its burden to prove that his claim of prospective harm is moot. *See, e.g., Rembert v. Sheahan*, 62 F.3d 937, 941 (7th Cir. 1995). In addition to being outside the Sixth Circuit, *Rembert* is distinguishable. There, the Seventh Circuit held that the injunctive relief sought might not be moot because "it is not clear to us that the Sheriff has discontinued this [unconstitutional] practice." *Id.* at 941. "[I]f the injury of which a plaintiff complains continues even under the amended statute, then the possible issuance of an injunction promises a measure of relief, and a court may act." *Id.*

The other case cited by Plaintiff, *Troiano v. Supervisor of Elections in Palm Beach Cty.*, 382 F.3d 1276, 1283-85 (11th Cir. 2004), does not on the whole support Plaintiff's position. *Triano* held that the Defendant's voluntary cessation of an objectionable, allegedly unconstitutional voting practice rendered moot the request for injunctive relief. Even though the voluntary cessation of illegal conduct by a private citizen will not ordinarily moot a case, the Eleventh Circuit noted an important exception that applies equally to this case. "[W]hen the defendant is not a private citizen but a government actor, there is a rebuttable presumption that the objectionable behavior will *not* recur." *Id.*, 82 F.3d at 1283 (emphasis original). Thus, "[w]hen government laws or policies have been challenged, the Supreme Court has held almost uniformly that cessation of the challenged behavior moots the suit." *Id.*.

On the other hand, the amended complaint contains some allegations, such as that the repealed ordinance continues to be displayed on the City's website, that leave open the possibility that not all prospective relief would be moot. Defendants bear the burden of proving that all claims should be dismissed. However, they have failed to file any reply and their motions focus on Plaintiff's claim for nominal damages. While the

8

undersigned has some doubt as to the continuing viability of prospective injunctive relief, Defendants' current motions should be denied, without prejudice to present the same or similar arguments in a future dispositive motion if properly supported.  *See Friends of the Earth, Inc. v. Laidlaw Environmental Servs., Inc.*, 528 U.S. 167, 189 (2000) (holding that the burden to establish mootness lies with the moving party).

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** the Defendant City's first motion to dismiss (Doc. 13) be **DENIED AS MOOT**, and that the Defendants' motions to dismiss the amended complaint (Docs, 23, 28) also be **DENIED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DOUG OPPENHEIMER,
a/k/a Phillip Douglas Oppenheimer,

    Plaintiff,

v.

CITY OF MADEIRA, OHIO, et al.,

    Defendants.

Case No. 1:19-cv-770

Cole, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).