# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**DOUG OPPENHEIMER,**
a/k/a Philip Douglas
Oppenheimer,

    Plaintiff,

  v.

**CITY OF MADEIRA, OHIO, et al.,**

    Defendants.

**Case No. 1:19-cv-770**
**JUDGE DOUGLAS R. COLE**
Magistrate Judge Bowman

## ORDER

In this action, Oppenheimer claims that the City of Madeira infringed his First Amendment rights through an ordinance directed at political signage, an ordinance that the City repealed after Oppenheimer brought this suit. This cause now comes before the Court on the Magistrate Judge's April 6, 2020, Report and Recommendation ("R. & R.") (Doc. 31). In the R. & R., the Magistrate Judge made two recommendations: (1) that the Court **DENY as moot** the City of Madeira's motion to dismiss (Doc. 13) the original complaint, as Oppenheimer filed an amended complaint, (*see* R. & R., Doc. 31, #233); and (2) that the Court **DENY** the City of Madeira's (Doc. 23) and David Schaefer's (Doc. 28) motions to dismiss the amended complaint, which the Defendants filed after the ordinance changed, and which sought dismissal on mootness grounds. As to the latter, the Magistrate Judge concluded that Oppenheimer's claim for nominal damages relating to the original ordinance was not moot and that, as to Oppenheimer's request for prospective relief in the amended

complaint, the Defendants had failed to carry their burden of demonstrating mootness. (*See id.* at #235–40).

The Magistrate Judge advised both parties that a failure to object within the 14 days specified by the R. & R. may result in forfeiture of rights on appeal, which includes the right to District Court review. (*See id.* at #241). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "*fail[ure] to file* an objection to the magistrate judge's R&R … is forfeiture, not waiver") (emphasis in original); 28 U.S.C. § 636(b)(1)(C).

While the parties technically forfeited their right to this Court's de novo review by not objecting, this Court still has an independent obligation to investigate its own jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (quotation and alteration omitted). The Court has done so here. Based on the Court's review of the R. & R., the Court agrees with the Magistrate Judge that the case is not moot. Oppenheimer is making a claim for nominal damages relating to the alleged First Amendment violation—requiring him to remove a political sign from his yard. That damages claim for alleged past harm remains a live claim, notwithstanding any change to the City's ordinances. The Court further agrees that the Defendants failed to carry their burden, at least so far, in demonstrating

2

that Oppenheimer's claim for prospective relief is moot. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (noting that the burden rests with the party arguing mootness).

Therefore, the Court **ADOPTS** the Report and Recommendation, **DENIES as moot** the City of Madeira's motion to dismiss (Doc. 13) and **DENIES** the City of Madeira's (Doc. 23) and David Schaefer's (Doc. 28) motions to dismiss the amended complaint, with leave for Defendants to re-raise the mootness issue as to prospective relief, should the facts warrant it.

**SO ORDERED.**

May 5, 2020
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**