**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DOUG OPPENHEIMER,
a/k/a Phillip Douglas Oppenheimer,          Case No. 1:19-cv-770

    Plaintiff,

           Cole, J.
    v.            Bowman, M.J.

CITY OF MADEIRA, OHIO, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This Order addresses two closely related matters: (1) Plaintiff's application for entry of default (Doc. 33), which was filed on the same day as Defendant's answer; and (2) Plaintiff's motion to strike Defendants' answer to the amended complaint (Doc. 35).

## I. Threshold Issue Concerning Magistrate Judge Authority

The above-captioned case has been referred to the undersigned magistrate judge for ruling on all non-dispositive matters by Order, and for recommended ruling on dispositive motions by Report and Recommendation. (Doc. 2). Motions to strike are often characterized as "non-dispositive" matters and typically are ruled on by Order. *See, e.g., Woods v. Crockett-Harris*, 2012 WL 6214314 (S.D. Ohio Dec. 13, 2012); *In re Dwight's Piano Co.*, 2008 WL 5428008 (S.D. Ohio Dec. 24, 2008). In fact, on April 6, 2020, the undersigned ruled on a "motion to strike" filed by the Defendant City by Order.[1] (Doc. 30). Despite the fact that such motions are often viewed as routine and non-dispositive, some courts have reasoned that not all motions to strike are created equal, differentiating between motions to strike that relate to non-dispositive matters and

---

[1] In that particular Order, the undersigned construed the City's "motion to strike" as a motion to extend time to respond to an amended complaint.

1

those that seek to strike an entire claim or defense. *See, e.g., Berry v. Citi Credit Bureau*, 2020 WL 4596774 at *3 (W.D. Tenn. Aug. 11, 2020) (collecting cases). There are no Sixth Circuit cases that expressly address the issue of whether motions to strike should be considered uniformly non-dispositive, or dispositive, or some hybrid of the two. And in most cases, like the present one, the parties do not raise the issue.

Lacking clear guidance from any controlling authority, many magistrate judges reach their own conclusions and file the appropriate Order or Report and Recommendation without discussion, while others include a footnote to acknowledge the issue. *See, e.g., Lighthill v. McDaniel*, 2017 WL 2536915 at n.1(M.D. Tenn. June 9, 2017) (footnote in order stating that "to the extent that the [district judge] may disagree…the undersigned Magistrate Judge respectfully submits this as a report and recommendation."). As a practical matter, the difference between the filing of an Order and a Report and Recommendation on a motion to strike may be inconsequential if the issue presented is confined to an issue of law, because a party's objections will be considered under the same standard by the presiding district judge. "[F]or questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and review under Rule 72(b)'s de novo standard." *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).

In the present case, the undersigned has elected to file a Memorandum Opinion and Order to address both Plaintiff's clearly non-dispositive application for entry of default and the pending motion to strike based on the undersigned's review of the case law on this issue. In particular, the undersigned finds highly persuasive the analysis of Judge Frost in *Amari v. Spillan*, No. 2:08-cv-829, 2009 WL 5216042 (S.D. Ohio Dec. 29,

2

2009). In that case, the court deemed Plaintiff's motion to strike as the equivalent of a non-dispositive motion seeking entry of default under Rule 55(a). However, should the presiding district court disagree, the undersigned would respectfully request that this Memorandum Order and Opinion be considered as a recommended disposition of the pending motion.

**II.     Background**

Plaintiff initiated this litigation by filing a complaint and motion for temporary restraining order and for preliminary injunctive relief in September 2019. Based upon the urgency of the issues presented, the undersigned scheduled a hearing for September 23, 2019. Hours before that hearing, recognizing the merits of Plaintiff's motion, the City filed a motion for a continuance. (Doc. 6). The City explained that it hoped to repeal the portions of Chapter 159 that the Plaintiff seeks to enjoin through "an emergency ordinance" to be voted upon during a session of City Council scheduled for September 23, 2019 at 7:30 p.m., just a few hours after the hearing. (*See id.* at 4). The City further represented that the City Manager had issued a moratorium on the enforcement of the controverted sign ordinances, in the form of a written communication dated September 23, 2019 to the Madeira Police Chief asking that official to "please refrain from enforcing any requirements contained in those specific Sections of Chapter 159, and instruct your officers likewise." (Doc. 6-1). The City subsequently filed evidence that it had in fact repealed the contested portions of its sign ordinances as anticipated, hours after the hearing before this Court was scheduled to be heard. (Doc. 8). Based on those developments, the court denied Plaintiff's motion for a TRO and for

preliminary injunctive relief as moot, but allowed Plaintiff to proceed on his claim for monetary damages. (Docs. 9, 10).

In lieu of filing an answer to Plaintiff's complaint, Defendant initially moved to dismiss "for lack of standing." (Doc. 13). However, Plaintiff then filed a first amended complaint, rendering moot Defendant's first motion to dismiss. On January 7, 2020, having calculated that the City had failed to timely respond to the amended complaint, Plaintiff filed an application seeking an entry of default. (Doc. 21). Hours later, the City filed a second motion to dismiss in lieu of filing an answer to the amended complaint. (Doc. 23). In addition, the City filed a separate motion seeking to strike the application for the entry of default. (Doc. 24).

On April 6, 2020, the undersigned filed an Order denying Plaintiff's application for entry of default. (Doc. 30). In the Order, the Court explained to the City that defense counsel had miscalculated the relevant deadline for filing the City's response to the amended complaint, but that in "the interests of justice," the Court would construe the City's motion as seeking an extension of time to answer, and would grant such construed motion. Therefore, despite being filed one day beyond the 14-day deadline, the Court permitted the City's motion to dismiss to be fully considered as if timely filed. (Doc. 30).

On the same date, the undersigned filed a separate Report and Recommendation ("R&R") recommending the denial of the City's first motion to dismiss as moot, in light of the filing of the amended complaint, and recommending the denial of the City's second motion to dismiss on the merits. (Doc. 31). Rejecting the City's arguments that Plaintiff no longer had standing based upon the repeal of the offending

4

ordinance, the Court explained: "Because [Plaintiff] suffered a concrete harm prior to filing suit, his standing is firmly established and is unaltered by the City's subsequent actions." (Doc. 31 at 4). The R&R also rejected the Defendants' mootness arguments, reasoning that the claim for nominal monetary damages remained and had not been rendered moot. (*Id.* at 5). Despite expressing doubt as to the continued viability of the separate claim for prospective relief, the undersigned recommended the denial of the motions to dismiss that claim because the Defendants had failed to carry their burden to show that the claim was entirely moot. Nevertheless, the denial of the motion to dismiss the claim for prospective relief was "without prejudice to present the same or similar arguments in a future dispositive motion if properly supported." (Doc. 31 at 9). On May 5, 2020, the presiding district judge adopted the R&R for the opinion of the Court:

> [T]he Court agrees with the Magistrate Judge that the case is not moot. Oppenheimer is making a claim for nominal damages relating to the alleged First Amendment violation - requiring him to remove a political sign from his yard. That damages claim for alleged past harm remains a live claim, notwithstanding any change to the City's ordinances. The Court further agrees that the Defendants failed to carry their burden, at least so far, in demonstrating that Oppenheimer's claim for prospective relief is moot. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (noting that the burden rests with the party arguing mootness).

(Doc. 32 at 2-3).

Once the Court denied the Defendants' motions to dismiss the amended complaint, the 14 day clock for filing an answer began ticking anew. *See* Rule 12(a)(4)(A), Fed. R. Civ. P. At this point, the record begins to resemble a scene from Groundhog Day. Fourteen days again passed without an answer. On the fifteenth day, Plaintiff once again filed an application for the entry of default. (Doc. 33). Hours later, Defendants responded with a technically-untimely Answer, filed without leave of Court.

5

On May 22, 2020, Plaintiff filed a motion to strike Defendants' answer. (Doc. 35). Defendants filed a response in opposition to the motion to strike, to which Plaintiff filed a reply. (Docs. 36, 37).

### III. Analysis

### A. The Motion to Strike is Duplicative of the Application for Default

Although Plaintiff's motion to strike does not cite to any particular rule, the Court assumes that Plaintiff relies upon Rule 12(f) of the Federal Rules of Civil Procedure, which provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).[2] Plaintiff does not argue that the Answer contains "redundant, immaterial, impertinent, or scandalous matter." Instead, the sole basis for the motion to strike the entire pleading is that the Answer was filed one day late.

The undersigned is persuaded by *Amari v. Spillan*, 2009 WL 5216042 (S.D. Ohio Dec. 29, 2009) that Rule 12(f) is inapplicable on the record presented, and that Plaintiff's motion should instead be construed as an essentially duplicative motion for entry of default under Rule 55(a). Unable to improve upon the persuasive analysis set forth in *Amari*, which relied upon the well-reasoned decisions of other courts, the undersigned quotes liberally from Judge Frost's decision:

> Rule 12(f)…by its clear text does not provide a vehicle to strike an untimely filed answer. *See also Heber v. United States*, 145 F.R.D. 576 (D.C. Utah 1992) ("Rule 12(f) does not allow [relief for untimely filed Answer] unless the Answer contains an insufficient defense or redundant, immaterial, impertinent, or scandalous material"); *McMillen v. J.C. Penney Co.*, 205 F.R.D. 557, 558 (D. Nev. 2002) (Rule 12(f) not available to strike answer filed untimely).

---

[2]Previously, Plaintiff explicitly opposed the City's motion to strike Plaintiff's first application for entry of default on grounds that in its express language, Rule 12(f) only permits a court to strike material from a "pleading."

6

>  This Court is persuaded by the analysis utilized by two sister district courts that addressed this exact situation:
>
>> Failure to [file an answer within 20 days after being served] may result in an entry of default or default judgment under Federal Rule of Civil Procedure 55. Although styled as a Motion to Strike, the substance of Plaintiff's motion is that Petty's failure to file a timely response is a default, and his Motion to Strike is equivalent to a motion for entry of default under Federal Rule of Civil Procedure 55(a). *See Heber v. United States*, 145 F.R.D. 576, 577…. Consequently, "the filing of a late answer is analogous to a motion to vacate a default," because "the party filing the late answer receives 'the same opportunity to present mitigating circumstances that [it] would have had if a default had been entered and [it] had moved under Rule 55(c) to set it aside.'" *John v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (S.D.N.Y.1992) (quoting *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir.1981)). Accordingly, Plaintiff's motion should be treated as a Motion for an Entry of Default and Petty's response as a Motion to Set Aside a Default. *See id.*; *Heber*, 145 F.R.D. at 577.
>
> *McMillen*, 205 F.R.D. at 55[7] (D. Nev. 2002). *See Heber v. United States*, 145 F.R.D. 576 …(holding same, concluding that it would "treat [ ] Heber's motion [to strike answer] as a Motion for Entry of a Default Judgment, and the government's response as a Motion to Set Aside a Default").

*Id.*, 2009 WL 5216042, at *2.[3]

As in *Amari*, *McMillen* and *Heber*, Plaintiff here has filed a motion to strike based upon its position that the Defendants' filing of a tardy answer is a default. Thus, Plaintiff's motion is equivalent to a motion for entry of default under Federal Rule of Civil Procedure 55(a), and the undersigned accepts it as such. Defendants' memorandum in opposition to Plaintiff's motion cites to mitigating circumstances – chiefly the global pandemic – as well as to other grounds that it would present if a default had been entered and Defendants had filed a motion under Rule 55(c). Thus, Defendants'

---

[3] After setting aside a second entry of default in *Amiri* conditioned on the non-appearing defendant paying the plaintiff's costs and expenses in filing its motion, Judge Frost ultimately entered a default judgment against the same defendant. However, the defendant's conduct in *Amari* was much more egregious and easily distinguishable from the record herein.

7

opposing memorandum may be viewed as a motion to set aside a default, despite the fact that no default has yet been entered. *Accord Amari*, 2009 WL 5216042 at *3 (citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir.1983) ("[A]n answer or other opposition to a motion for default may be treated as a motion to set aside entry of default")).

### B. Rule 55(a) Analysis

#### 1. No Default Should be Entered

Rule 55(a) states: "when a party … has failed to plead or otherwise defend … the clerk must enter the party's default." Fed. R. Civ. P. Rule 55(c), however, states that courts may set aside this entry "for good cause." When deciding if there is good cause to set aside an entry of default, courts must consider three factors: (1) whether the default was willful; (2) whether setting the entry aside would prejudice the plaintiff; and (3) whether the alleged defense is meritorious. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011). Plaintiff has essentially raised only one of these factors – the alleged lack of meritorious defense in filing the tardy answer (Doc. 37) – but all three factors must be considered and balanced so all three will be discussed here. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 760 F.2d 190, 194 (6th Cir. 1986) (all three factors must be considered).

Defendants argue that the default was not willful but rather the result of circumstances caused by the COVID-19 pandemic. (Doc. 36). Plaintiff concedes that the effect of the pandemic suggests that the default was not willful. (Doc. 37). To find that a defendant acted willfully, that defendant "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those

8

proceedings." *Aziz v. Ohio Office of Child Support*, No. 2:18-cv-25, 2018 U.S. Dist. LEXIS 48981, at *6 (S.D. Ohio Mar. 26, 2018) (quoting *Shepard Claims Serv. Inc.*, 796 F.2d at 194), *adopted at* 2018 U.S. Dist. LEXIS 70026 (S.D. Ohio Apr. 26, 2018). Here, the default is a result of unprecedented circumstances rising from the COVID-19 pandemic. Furthermore, Defendants took immediate action to remedy the default by filing their answer to the amended complaint a single day after the filing deadline passed, strengthening the argument that the default was not willful. *See Wilson v. Blanton*, No. 2:16-CV-00390, 2016 U.S. Dist. LEXIS 133421, at *7 (S.D. Ohio Sep. 28, 2016) (granting defendant's motion for relief from entry of default even though his answer was not filed, where defendant took immediate action to remedy the circumstances which caused the default and expediently filed a motion for relief).[4] This first factor therefore weighs in favor of the Defendants.

Plaintiff does not claim that setting aside the default would prejudice him, but even if he did, "mere delay is an insufficient ground to deny [a] motion to set aside default." *Wilson*, 2016 U.S. Dist. LEXIS 133421, at *4. If Plaintiff could show that the delay would "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion," then that could demonstrate prejudice against the Plaintiff. *Id.* at *3 (quoting *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)). But that clearly is not the case here, where the offense was the delay of a single day. Therefore, this factor also weighs in favor of the Defendants.

---

[4] Regrettably, Defendants here failed to file an appropriate motion for leave to file their answer *instanter*, or to enlarge their response time. Even so, this procedural error should not be the death knell of their entire pleading in light of the circumstances presented.

9

Plaintiff's argument relies nearly exclusively on the third factor: whether Defendants' alleged defense is meritorious. (Doc. 37). Plaintiff claims that, since the Defendants have not provided a defense that would preclude a judgment, a default should be entered. Without referencing any case law, Plaintiff argues that there has to be substance to a defense for it to be meritorious, but that is incorrect. "A defense is 'meritorious' if it is 'good at law.'" *Dassault Systemes*, SA, 663 F.3d at 843. It is not required that a defense be likely to succeed, there merely has to be a "hint of a suggestion" that the defense is meritorious. *Id.*; accord *Amari*, 2009 WL 5216042 at *4 (citing *United Coin Meter Co.*, 705 F.2d at 845). Pursuant to Rule 8(c)(1) of the Federal Rules of Civil Procedure a party is only required to "affirmatively state any … affirmative defense." *Ruff v. Credit Adjustment, Inc.*, No. 2:18-cv-351, 2018 U.S. Dist. LEXIS 143251, at *5 (S.D. Ohio Aug. 23, 2018). Defendants' answer does that; therefore, this factor also weighs in Defendants' favor.

Because all three factors tilt the balance in the Defendants' favor, the record reflects good cause to set aside an entry of default under Rule 55(c). Procedurally, there would be no value in entering a default and simultaneously setting it aside for good cause. Therefore, Plaintiff's application for entry of default will be denied, as will Plaintiff's duplicative motion to strike the answer as untimely.

### 2. Alternative Basis for Denial of the Duplicative Motion to Strike

In addition and in the alternative, to the extent that a reviewing court would consider the motion under Rule 12(f) rather than under Rule 55(a), motions to strike remain within the discretion of the court. "[I]t is well established that the action of striking a pleading should be sparingly used by the courts." *Parlak v. U.S. Immigration and*

*Customs Enforcement*, No. 05-2003, 2006 U.S. LEXIS 32285, at *3-4 (6th Cir. Apr. 27, 2006) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). "A motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.*

Plaintiff argues that the answer should be stricken solely because of its untimeliness, citing case law outside the Sixth Circuit. (Doc. 35). However, this court repeatedly has found that untimeliness alone is not enough to grant a motion to strike an answer. *See Amari*, *supra*; *see also Bugoni v. Owner of C&M Towing, Inc.*, No. 2:10-CV-1173, 2012 U.S. Dist. LEXIS 77258, at *10 (S.D. Ohio June 4, 2012) (Defendant filed answer 7 days late, but Plaintiff did not demonstrate "a need to strike the Defendants' Answer in this case, other than his argument that it was untimely filed."); *Pryor v. Hurley*, No. 2:05-CV-936, 2006 WL 2869590 (S.D. Ohio Oct. 5, 2006) (agreeing with magistrate judge that the filing of an untimely response should not result in the "drastic remedy" requested by the plaintiff) .

Typically, for a motion to strike to be granted, there must be evidence that the moving party has been prejudiced. *Keefer v. Wiles, Boyle, Burkholder & Bringardner, Co.*, No. 2:07-cv-1205, 2008 U.S. Dist. LEXIS 92024, at *4 (S.D. Ohio Sep. 23, 2008). As discussed, it would be virtually impossible for Plaintiff to demonstrate prejudice in this case. *See generally, Union Cent. Life Ins. Co. v. Anchor Fin. Servs.*, No. 10-95-SJD-JGW, 2010 U.S. Dist. LEXIS 117826, at *9 (S.D. Ohio Oct. 6, 2010), *adopted at* 2010 U.S. Dist. LEXIS 117805 (S.D. Ohio Nov. 5, 2010) (excusing answer filed 13 days late, despite pro se litigant's failure to explain reasons for tardiness, based on lack of prejudice). Defendants have provided an adequate explanation to excuse their one-day

tardiness. Although Plaintiff insists that the one-day delay provides a sufficient basis for striking the answer, untimeliness alone does not justify such an extraordinary remedy on the record presented.

### C. Other Issues

#### 1. Defendants' Notice of Supplemental Authority

Defendants' memorandum in opposition to the motion to strike is captioned as a "Notice of Supplemental Authority and Memorandum in Opposition to Plaintiff's Motion to Strike." In their memorandum, Defendants appear to seek partial reconsideration of the undersigned's "bifurcated…analysis" in the prior R&R recommending denial of Defendants' motions to dismiss. However, to be clear, both the prior R&R and Judge Cole's order adopting the R&R simply analyzed the two types of claims presented by Plaintiff differently in reviewing whether the claims were moot. The Court intended no formal bifurcation of claims either for purposes of discovery or for trial, but undertook its analysis based on the Court's view that for purposes of mootness, claims for prospective relief must be analyzed differently than claims for monetary damages. In any event, based upon the perceived "bifurcation," and relying on language that expressed "some doubt" as to whether Plaintiff ultimately could prevail on his claim for injunctive relief, Defendants now implore this Court to consider "additional information" regarding that claim.

The undersigned declines to consider any additional "information" in the context of a "notice" as opposed to an appropriately supported motion. Defendants' prior motions to dismiss, filed under Rule 12(b), were denied based upon Defendants' failure to prove at that time that Plaintiff's claim for prospective injunctive relief was moot. In

denying the two motions to dismiss, both the R&R and the Court's order adopting that R&R expressly provided leave "for Defendants to re-raise the mootness issue as to prospective relief, <u>should the facts warrant it</u>." (Doc. 32 at 3; *see also* Doc. 31 at 9, denying the motions "without prejudice <u>to present the same or similar arguments in a future dispositive motion if properly supported</u>.") (emphasis added).

With the accepted filing of Defendants' tardy answer, the time for filing a motion under Rule 12(b) has passed. Ordinarily, if a dispositive motion relies on factual matters outside the pleadings, it is filed under Rule 56 and supported by any appropriate evidentiary exhibits. Most Rule 56 motions are filed at the close of discovery. However, due to the various procedural squabbles in this case as well as delays occasioned by the pandemic, the parties have not yet engaged in discovery, nor have they filed a Rule 26(f) report.

### 2. The Need for a Calendar Order Without Further Delay

In an effort to expedite this matter, the undersigned will require the parties to promptly file a joint Rule 26(f) report, following which the Court will expeditiously file a Calendar Order. In addition, in recognition of the limited issues remaining in dispute, the parties will be directed to immediately explore the possibility of mediation or other alternative dispute resolution, including but not limited to a court-facilitated settlement conference before Magistrate Judge Karen L. Litkovitz.

### IV. Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT:**

1. Plaintiff's application for entry of default against Defendants (Doc. 33) is **DENIED;**

13

2. Plaintiff's motion to strike the Defendants' answer (Doc. 35) is **DENIED;**

3. The parties shall meet and confer and shall file a joint Rule 26(f) report not later than **September 9, 2020;**

4. As part of their "meet and confer" process, the parties shall explore the possibility of mediation or other alternative dispute resolution, including but not limited to a court-facilitated settlement conference before Magistrate Judge Karen L. Litkovitz, and shall include a statement regarding their willingness to explore such alternative dispute resolution in their Rule 26(f) report.

          *s/ Stephanie K. Bowman*
          Stephanie K. Bowman
          United States Magistrate Judge