## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**DOUG OPPENHEIMER,**

     **Plaintiff,**

         **v.**

**CITY OF MADEIRA, OHIO, et al.,**

     **Defendants.**

**Case No. 1:19-cv-770**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Bowman**

### ORDER

This cause comes before the Court on the Magistrate Judge's August 23, 2021, Report and Recommendation ("R&R") (Doc. 51). The Magistrate Judge recommends that the Court grant in part and deny in part Plaintiff Doug Oppenheimer's Motion for Summary Judgment (Doc. 43). For the reasons stated more fully below, the Court **ADOPTS** the R&R (Doc. 51), **GRANTS** Oppenheimer's Motion for Summary Judgment (Doc. 43) with respect to his claims against Defendant City of Madeira ("City") for nominal damages and attorneys' fees, and **DENIES AS MOOT** the Motion with respect to his claims against the City for declaratory and injunctive relief. Further, the Court **DENIES** Oppenheimer's Motion (Doc. 43) with respect to all claims against Defendants David Schaeffer and two John Doe City employees and **DISMISSES** those Defendants as superfluous and redundant.

To start, the R&R advised all parties that failing to object within the 14 days specified by the R&R could result in forfeiture of rights on appeal, which includes the

right to District Court review. (*See* Doc. 51, #371[1]). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Accordingly, the parties here needed to object by September 7, 2021. The time for filing objections has since passed, and no party has objected.

Although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Jackson v. DEA,* No. 1:21-cv-402, 2022 WL 60312, at *1 (S.D. Ohio Jan. 6, 2022) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Wilkins v. Mahlman,* No. 1:21-cv-312, 2022 WL 44689, at *1 (S.D. Ohio Jan. 5, 2022) (same); *Brunner v. Bell*, No. 1:19-cv-575, 2021 WL 4480484, at *1 (S.D. Ohio Sept. 30, 2021) (same).

The Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

In this case, Oppenheimer sues the City and certain of its employees for violating his First Amendment rights after the City enforced a local ordinance ("Sign Regulations") restricting the quantity and size of temporary signs on residential property based on their content. (R&R, Doc. 51, #357). Specifically, Oppenheimer had

---

[1] Refers to PAGEID #.

placed two signs in his yard criticizing the City council and advocating for certain candidates in a forthcoming election. (*Id.* at #356). Because the Sign Regulations limited most signs to six square feet or less (except for temporary signs advertising upcoming "charitable, institutional, or civic events," which could be fifty square feet), the local police instructed Oppenheimer to take his signs down. (*Id.* at #357–58). Oppenheimer complied on September 9, 2019, (*id.* at #358), and initiated this lawsuit against various City employees and the City itself soon thereafter, seeking damages as well as declaratory and injunctive relief. (Compl., Doc. 1). Approximately two weeks later, the City Council repealed the Sign Regulations. (R&R, Doc. 51, #358). Oppenheimer then put his signs back up. (*Id.*).

In evaluating Oppenheimer's Motion for Summary Judgment, the R&R first properly concluded that the City was the real defendant in interest in this case. This is because, although Oppenheimer's Complaint also named certain City employees as defendants, Oppenheimer only identified and served one employee, and Oppenheimer named that employee only in his official capacity. (*Id.* at #359). Because claims against government officials in their official capacities are construed as claims against their employers—in this case, the City itself—the claim against the employee was effectively redundant. (*Id.* (citing *Epperson v. City of Humboldt, Tenn.*, 140 F. Supp. 3d 676, 683 (W.D. Tenn. 2015)).

Next, the R&R properly concluded that the City violated Oppenheimer's First Amendment rights by forcing him to take down his yard signs. The R&R found that, because the Sign Regulations included numerous restrictions on signs based on their

3

content,[2] they were subject to strict scrutiny, "meaning they must be justified by a compelling or overriding interest." (*Id.* at #361 (citing *Reed v. Town of Gilbert,* 576 U.S. 155 (2015))). Because the City offered no justification for the Sign Regulations, the Magistrate Judge then correctly concluded that the regulations violated Oppenheimer's First Amendment rights. (*Id.*).

Finally, the R&R turned to the relief sought. In his Complaint, Oppenheimer sought nominal damages, attorneys' fees, declaratory relief, and injunctive relief. (Compl., Doc 1, #17 (*as amended* Doc. 15, #121–22)). With regard to Oppenheimer's claim for nominal damages, the R&R correctly rejected the City's argument that Oppenheimer's claim for nominal damages became moot when the Sign Regulations were repealed. (*Id.* at #363). Rather, the R&R observed that "[f]or the purpose of Article III standing, nominal damages provide the necessary redress for a completed violation of a legal right," and thus Oppenheimer's case was not moot. (*Id.* (quoting *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 802 (2021))). With regard to the specific dollar amount to be paid, the R&R recommended the amount of $1,000, (*id.* at #369),

---

[2] Specifically, the Magistrate Judge noted the following content-based restrictions in the Sign Regulations:

> [s]ections 159.20(A) and 159.20(G)(4) of the Sign Regulations limited City residents from displaying yard signs greater than six square feet unless the content or subject matter of the signs announced "charitable, institutional or civic events such as church bazaars, charitable fund raising events and similar announcements." Section 159.20(C)(2) was also content-based, because it allowed posting yard signs relating to a candidate or ballot issue, but specifically limited political signs to one per candidate or ballot issue. Last, Section 159.26(D)(2) of the Sign Regulations was content-based because it allowed "one additional sign … for each candidate or issue that the occupant wishes to support or oppose" after "the County Board of Elections has identified a candidate or issue that will be placed on the ballot at the next general or special election."

(R&R, Doc. 51, #360–61 (internal citations omitted)).

which is a figure the Court views as properly supported by case law, especially in light of the City's failure to object. (*See* Mot., Doc. 43, #317–18 (citing cases)). The Court also agrees with the R&R that Oppenheimer is entitled to attorneys' fees under 42 U.S.C. § 1988. (R&R, Doc. 51, #369).

Finally, the R&R correctly rejected Oppenheimer's request for declaratory and injunctive relief because he had abandoned those claims by failing to address them in his Motion for Summary Judgment. (*Id.* at #365). Moreover, the R&R also noted that, because the City repealed the offending regulations and there was no "evidence suggesting that the City would re-enact" them, any claims for prospective relief were now moot. (*Id.* at #366).

Accordingly, the Court **ADOPTS** the R&R (Doc. 51), **GRANTS** Oppenheimer's Motion for Summary Judgment (Doc. 43) with respect to his claim against the City for nominal damages in the amount of $1,000 as well as his claim for attorneys' fees in an amount to be determined, and **DENIES AS MOOT** the Motion with respect to his claims against the City for injunctive and declaratory relief. Further, the Court **DENIES** the Motion (Doc. 43) with respect to all claims against Defendants Schaeffer and the two John Doe City employees and **DISMISSES** those Defendants as superfluous and redundant. The remaining parties are **ORDERED** to participate in further briefing regarding the determination of attorneys' fees on a schedule to be set by the Magistrate Judge.

**SO ORDERED.**

January 21, 2022
**DATE**

            **DOUGLAS R. COLE**
            **UNITED STATES DISTRICT JUDGE**